Daniel W. Van Horn, *Admitted Pro Hac*
Adam M. Langley, *Admitted Pro Hac*
R. Campbell Hillyer, *Admitted Pro Hac*
Butler Snow LLP
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200

Martin A. Sosland, TX Bar No. 18855645
Candice Carson, TX Bar No. 24074006
Butler Snow LLP
2911 Turtle Creek Blvd., Ste. 1400
Dallas, TX 75219
(469) 680-5502

Attorneys for FedEx Supply Chain Logistics & Electronics, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GOODMAN NETWORKS, INC., | ) | Case No. 23-31641-mvl-7 |
| | ) | |
| Debtor. | ) | (Chapter 7) |
| | ) | |

| | | |
|---|---|---|
| SCOTT M. SEIDEL, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 23-03091 |
| v. | ) | |
| | ) | |
| FEDEX SUPPLY CHAIN LOGISTICS | ) | |
| & ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC.'S
MEMORANDUM IN SUPPORT OF
CONSENT MOTION FOR LEAVE TO FILE BRIEFS
IN EXCESS OF PAGE LIMITS SET L.B.R 7007-2(C)**

1. Comes now FedEx Supply Chain Logistics & Electronics, Inc.'s ("FSCLE") and for its memorandum in support of its Consent Motion for Leave to File Briefs In Excess of the Page Limits Set forth in L.B.R. 7007-2(c) states as follows:

2. On November 21, 2023, the Trustee filed his motion for a preliminary injunction [Dkt. #4] and his memorandum in support thereof. [Dkt. #5]. Trustee's memo was forty total pages in length with approximately 33-34 pages of legal argument. The page limit for summary judgment motions under the local rules is fifty (50) pages. L.B.R. 7056-1(e)(2). Whereas, the page limit for all other motions is twenty-five (25) pages. Trustee's motion is neither a motion for summary judgment nor an ordinary motion. The Trustee's motion and memo would effectively act as a dispositive motion against FSCLE if granted.

3. The arguments contained therein cover a variety of subjects including extensive briefing on jurisdiction, the question of whether the claims asserted by FSCLE in its lawsuit pending in the Northern District of Texas belong to FSCLE or the bankruptcy estate and the question of any possible stay violation.

4. FSCLE does not take any issue with the length of the Trustee's brief. However, in fairness, FSCLE asks for the same length brief to address the issues raised by the Trustee and to advance FSCLE positions. The gravity of what is at stake cannot be overstated for either the Trustee or FSCLE. These are serious issues, involving complex legal arguments with tens of millions at stake.

5. In addition to filing a motion for a preliminary injunction [Dkt. #4], the Trustee also filed an adversary complaint against FSCLE [Dkt. #1]. FSCLE is now responding to that complaint with both an answer and a motion to dismiss the Trustee's adversary complaint. FSCLE is filing both an answer and a motion to dismiss because in the interests of judicial

efficiency and to reach a resolution of these disputes, the parties have agreed to an expeditated trial date. It is unlikely that FSCLE's motion to dismiss or the Trustee's motion for a preliminary injunction will be heard prior to the trial date. FSCLE believes that there are significant jurisdictional issues which preclude the relief sought by the Trustee and that the Trustee's adversary complaint is not ripe. The Trustee undoubtedly disputes those positions just as FSCLE disputes that a preliminary injunction may be granted. These are foundational questions that must be addressed at the outset of the trial. FSCLE has prepared a brief in support of its motion to dismiss that is similarly 40 total pages in length with 33-34 pages of legal argument.

6. Subject to the Court's approval, FSCLE and the Trustee have met and conferred and agree that it would be fair and provide a full opportunity for briefing before the Court for: (1) the Trustee's memo in support of his motion for a preliminary injunction to be retroactively approved to be the length that it is; (2) for FSCLE to be granted leave to file a similar sized brief in opposition and (3) for both FSCLE and the Trustee to be granted leave to file briefs on FSCLE's motion to dismiss that are 40 total pages in length with 33-34 pages of legal argument.

7. WHEREFORE, for good cause shown, FSCLE moves for leave for both the Trustee and FSCLE to be granted leave to file principal briefs on the Trustee's motion for preliminary injunction and FSCLE's motion to dismiss that are 40 total pages with 33-34 pages of legal argument.

Dated: January 10, 2024

Respectfully submitted,

**BUTLER SNOW LLP**

s/ Danny Van Horn

> Adam M. Langley (admitted *pro hac vice*)
> R. Campbell Hillyer (admitted *pro hac vice*)
> Danny Van Horn (admitted *pro hac vice*)
> 6075 Poplar Avenue, Suite 500
> Memphis, TN  38119
> Telephone: (901) 680-7316
> adam.langley@butlersnow.com
> cam.hillyer@butlersnow.com
> danny.vanhorn@butlersnow.com
>
> and
>
> Candice Carson (TX Bar No. 24074006)
> Martin A. Sosland (TX Bar No. 18855645)
> 2911 Turtle Creek Blvd., Suite 1400
> Dallas, Texas 75219
> Telephone: (469) 680-5502
> candice.carson@butlersnow.com
> martin.sosland@butlersnow.com
>
> *Counsel for FedEx Supply Chain*
> *Logistics & Electronics, Inc.*

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same via the Court's CM/ECF electronic filing system upon all persons who have filed ECF appearances in this case and via email to Trustee's Counsel:

Michael J. Quilling, Esq.
(Texas Bar No. 16432300)
Joshua L. Shepherd, Esq.
(Texas Bar No. 24058104)
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Ste. 1800
Dallas, TX 75201
(214) 871-2100
mquilling@qslwm.com
jshepherd@qslwm.com

> s/ Danny Van Horn

85266800.v1