Daniel W. Van Horn, *Admitted Pro Hac*
Adam M. Langley, *Admitted Pro Hac*
R. Campbell Hillyer, *Admitted Pro Hac*
Butler Snow LLP
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200

Martin A. Sosland, TX Bar No. 18855645
Candice Carson, TX Bar No. 24074006
Butler Snow LLP
2911 Turtle Creek Blvd., Ste. 1400
Dallas, TX 75219
(469) 680-5502

Attorneys for FedEx Supply Chain Logistics & Electronics, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GOODMAN NETWORKS, INC., | ) | Case No. 23-31641-mvl-7 |
| | ) | |
| Debtor. | ) | (Chapter 7) |
| | ) | |
| | | |
| SCOTT M. SEIDEL, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 23-03091 |
| v. | ) | |
| | ) | |
| FEDEX SUPPLY CHAIN LOGISTICS | ) | |
| & ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC.'S
## ANSWER TO THE TRUSTEE'S ORIGINAL COMPLAINT

1

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Comes now FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE" or "FedEx") and answers the Trustee's Original Complaint [ECF No. 1] (the "Trustee Complaint"). FSCLE respectfully answers and responds as follows:

## MOTION TO DISMISS

FSCLE contemporaneously with the filing of this answer filed a Motion to Dismiss the Trustee's Original Complaint (the "Motion to Dismiss"). Therein, FSCLE moves for dismissal of the Trustee Complaint for the lack of subject-matter jurisdiction and for the failure to state a claim upon which relief can be granted. FED. R. BANKR. P. 7012 and FED. R. CIV. P. 12(b)(1) and (6). All defenses asserted in the Moton to Dismiss are incorporated into this Answer.

## ANSWER

FSCLE answers the paragraphs of the Trustee Complaint, and each paragraph below is numbered the same as the paragraph of the Trustee Complaint to which an answer is made.  To the extent that any allegation of fact in the Trustee Complaint is not admitted or denied, it is hereby expressly denied.

## RESPONSE TO SUMMARY PARAGRAPH

FSCLE denies the unnumbered summary paragraph. FSCLE further responds that the allegations in the Complaint are premised on fundamental micharacterization of papers filed by FSCLE. FSCLE denies that it has asserted a constructive trust at this time and quotes in full the language in its proof of claim, which is a reservation of right: ". . . FSCLE specifically reserves the right to assert that the monies unlawfully appropriated from it by Goodman Networks and its related parties and co-conspirators and any traceable proceeds thereof are not property of the estate, property of Goodman Networks, or property of the related parties and co-conspirators. Moreover, FSCLE reserves the right to seek remedies at law and equity to have the monies unlawfully

2

appropriated from it and any traceable proceeds to be determined as subject to an express, equitable, constructive, resulting, or other trust." Claim No. 32-1, Part 2, ¶ 54.

## RESPONSES TO PROCEDURAL BACKGROUND

1.      Admitted. FSCLE further responds that it was not a petitioning creditor on the Petition Date.

2.      Admitted in part and denied in part. FSCLE admits that it was a petitioning creditor but denies that it was a petitioning creditor on the Petition Date.

3.      Admitted.

4.      Admitted.

5.      Denied. FSCLE states that it owns and possesses claims against non-debtor third parties that are independent of the Estate and asserted in the District Court Lawsuit. The District Court Lawsuit is not a case under title 11 (28 U.S.C. § 1334(a)), a civil proceeding arising under title 11 or arising in or related to cases under title 11 (*id*. § 1334(b)), or property of the Debtor or property of the estate (*id*. § 1334(e)); therefore, there is no bankruptcy subject matter jurisdiction over the District Court Lawsuit and the claims asserted therein. FSCLE admits that this Court has subject matter jurisdiction to determine disputes over the claims allowance process and the enforcement of the automatic stay under section 362 of the Bankruptcy Code but denies that there is a case or controversary that may be adjudicated. FSCLE denies that this is a core proceeding and does not consent to the entry of a final judgment over any matters in this adversary proceeding.

6.      FSCLE denies jurisdiction but does not independently deny venue.

7.      Admitted.

8.      Admitted.

9.      FSCLE is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9.  However, FSCLE admits that the Goodmans and the Debtor previously

made representations that the Debtor qualified as a minority owned business and represented that the Goodmans are of Hispanic heritage.

10.     Denied.

11.     Admitted in part and denied in part. FSCLE admits that it and its predecessor contracted with Genesis to perform services under a Master Service Agreement (the "MSA") and that the services involved logistics related to, and purchasing of, mobility accessories related to business with AT&T but denies all other allegations in Paragraph 11. FSCLE further states that business pursuant to the Master Service Agreement was primarily conducted in a FSCLE facility in Fort Worth, Texas, using personnel of Genesis and Goodman Networks.  It is admitted that certain goods would be sold and then repurchased pursuant to the MSA and the actual conduct of business.  It was never the intent of FSCLE to just sell or just purchase the equipment.  The transaction and the reversing transaction selling and purchasing the same equipment were always tied together.

12.     Denied. FSCLE further states that the Master Service Agreement entitled Goodman Networks to receive a fee for its services, which under certain conditions would be equal to 0.2% of goods transacted.

13.     Admitted.  However, FedEx did not own ATC Logistics & Electronics, Inc. at the time the MSA was originally negotiated and executed.  To the extent that this paragraph of the trustee's Complaint is intended to suggest that FSCLE was a party to the MSA from its inception, that is denied.  FedEx only came to be a party to the MSA through its acquisition of ATC's parent after the MSA was already in place.

14.     Denied. FSCLE further states that the MSA was not assignable absent FSCLE consent. FSCLE further states that the Debtor and Genesis attempted to assign the MSA without

FSCLE consent or about September 14, 2019, and that such purported assignment was of no legal effect.

15.     Admitted.

16.     Admitted in part and denied in part. FSCLE admits the first sentence of Paragraph 16 and denies the second sentence of Paragraph 16.

17.     Admitted in part and denied in part.  The 4352 Account received payments from FSCLE to the Debtor.  FSCLE is not aware of any other funds flowed into the 4352 Account other than funds from FSCLE.  The 4352 Account was created at or about the time the automated platform moved to Microsoft Dynamics 365.  There had been another automated process prior to the Microsoft Dynamics 365 process.  To the extent this paragraph of the Trustee's Complaint is meant to suggest that payments back to FSCLE came directly from the 4352 Account, that is denied.

18.     Admitted in part and denied in part. FSCLE admits that the 4352 Account, a controlled disbursement account, was established to facilitate automated transactions under the Master Services Agreement. FSCLE further admits that payments from FSCLE were received exclusively into the 4352 Account. FSCLE further admits that disbursements to FSCLE were initiated from the 4352 Account, which automated disbursements were channeled through the 1838 Account as part of the controls established on the Debtor's payment systems. FSCLE denies all other allegations in Paragraph 18.

19.     Denied. What the Trustee may or may not be aware of is not relevant.  FSCLE further states that the 4352 Account is a deposit account titled in the name of the Debtor. FSCLE further states the Master Services Agreement provides for rights related to the funds transacted under it. FSCLE further states that it neither has a deposit account control agreement nor an express

trust agreement related to the 4352 Account.  However, officers of the Debtor referred to the 4352

Account as the "FedEx Account" and as holding FedEx funds.  James Goodman testified under

oath before this Court that the 4352 Account held FedEx funds.  The course of conduct between

FSCLE and the Debtor showed that the 4352 only ever held payments from FSCLE to the debtor

and all of those funds less a small transactional fee were to go back to FSCLE and did go back to

FSCLE for the majority of the relationship until Frinzi, James Goodman and others formed an

intent not to perform further and thus committed theft, fraud and racketeering activities.

20.     Denied. FSCLE further states that Frinzi became CEO of the Debtor on or about

October 20, 2021, and that James Goodman became the sole director at the Debtor at or about the

same time.

21.     Denied. FSCLE further states the last payment it received from the Debtor was

received on or about October 25, 2021, and that Frinzi directed the Debtor to stop payments on or

about November 3, 2021. At least $76,090,007.01 was received into the 4352 Account after the

automated disbursements were intentionally stopped by Frinzi and the Debtor. At least

$5,377,060.43 of automated disbursements were intentionally interrupted by Frinzi and the Debtor

such that the disbursements had been initiated from the 4352 Account but not yet completed

through the 1838 Account. Altogether, at least $81,467,067.44 was misappropriated.

22.     It is admitted that there were a series of transactions in late 2021 and 2022 in which

Frinzi, James Goodman and others associated with them laundered the funds stolen from FSCLE.

It is denied that the Estate ever had good legal title to the stolen funds. To the extent the Trustee is

characterizing his own potential claims and allegations related to the Transfers, FSCLE states that

it denies the asserted nature of the Transfers and reserves all rights thereto.

23.    It is admitted that there were a series of transactions in late 2021 and 2022 in which Frinzi, James Goodman and others associated with them laundered the funds stolen from FSCLE. It is denied that the Estate ever had good legal title to the stolen funds.  To the extent the Trustee is characterizing his own claims and allegations to the Proceeds, FSCLE states that it denies the asserted nature of the Proceeds and reserves all rights thereto.

24.    Denied.

25.    Admitted in part and denied in part. FSCLE states the Proof of Claim speaks for itself. FSCLE admits the first two sentences of Paragraph 25. FSCLE denies the third sentence of Paragraph 25. FSCLE admits the fourth sentence of Paragraph 25. In the fifth sentence of Paragraph 25, FSCLE admits that at least $76 million was transferred from the 4352 Account to third parties outside of the controlled disbursement system and further states that it is without sufficient knowledge or information to know whom the Trustee has asserted or threatened claims against other than the claims that are subject to pending adversary proceedings in this bankruptcy case and, therefore, is unable to admit or deny the last sentence of Paragraph 25.

26.    Admitted in part and denied in part. FSCLE admits the first sentence of Paragraph 26. FSCLE denies the second sentence of Paragraph 26. FSCLE admits the Trustee stated he was not impeding FSCLE from asserting *in personam* claims against non-debtors. FSCLE further states that it has only asserted *in personam* claims against non-debtors and that the Trustee misconstrues the remedy of a constructive trust on tort claims as an *in rem* or *quasi in rem* claims.

27.    Denied as stated. FSCLE further states that it has reserved the right to assert property rights or equitable remedies as to property stolen from FSCLE or proceeds thereof. FSCLE further states it was working with the Trustee on a stipulation that would have preserved

these assertions and determinations upon the development of a case and controversy (i.e., the recovery of stolen property).

28.     FSCLE is without sufficient knowledge or information to admit or deny the allegation in Paragraph 28 because FSCLE does not know the Trustee's state of mind.

29.     It is admitted that FSCLE filed the District Court Lawsuit.  FSCLE is without sufficient knowledge or information to admit or deny the allegation "this changed when" in Paragraph 29 because FSCLE does not know the Trustee's state of mind.

30.     It is admitted that FSCLE filed the District Court Lawsuit and seeks to assert claims that belong to FSCLE and not the Debtor.  FSCLE denies the remainder of Paragraph 30.  The District Court Lawsuit speaks for itself.

31.     It is admitted that FSCLE filed the District Court Lawsuit and seeks to assert claims that belong to FSCLE and not the Debtor.  FSCLE denies the remainder of Paragraph 31.  The District Court Lawsuit speaks for itself.

32.     It is admitted that FSCLE filed the District Court Lawsuit and seeks to assert claims that belong to FSCLE and not the Debtor.  It is further admitted that there may be factual overlap between claims that FSCLE asserts and that the Trustee may seek to assert.  That factual overlap does not convert FSCLE's claims to ones owned by the Debtor.  FSCLE denies the remainder of Paragraph 32.  The District Court Lawsuit speaks for itself.

33.     Paragraph 33 contains conjecture for which no answer is required. To the extent an answer is required, this paragraph is denied.

34.     Denied.

35.     FSCLE asserted claims that belong to it in the District Court Lawsuit – not claims that belong to the Debtor.  To the extent an answer is required, this paragraph is denied.

36.     Denied.

37.     Paragraph 37 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is admitted in part and denied in part.  It is admitted that Texas law governs the property rights in the funds stolen from FSCLE.  Under Texas law, the stolen funds never became property of the Debtor.  The events giving rise to FSCLE's complaints occurred in Texas, Tennessee, Georgia, Pennsylvania, New York, New Jersey and a variety of other states.  It is admitted that the 4352 Account into which FSCLE's stolen funds were deposited was located in Texas.  It is denied that all of FSCLE's claims and rights are governed by Texas law.  FSCLE brings claims pursuant to federal law as well.

38.     Paragraph 38 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

39.     Paragraph 39 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

40.     Paragraph 40 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

41.     Paragraph 41 is admitted in part and denied in part. FSCLE admits the 4352 Account is a deposit account titled in the name of the Debtor but denies that FSCLE had no interest or rights in the funds of the 4352 Account and all other allegations of this paragraph.

42.     Paragraph 42 is admitted in part and denied in part. FSCLE admits the 4352 Account is a deposit account titled in the name of the Debtor but denies that FSCLE had no interest or rights in the funds of the 4352 Account and all other allegations of this paragraph.  Pursuant to Texas law, a thief does not obtain title to stolen funds.

43.     Admitted in part and denied in part.  It is admitted that FSCLE did not have a written lien, security interest or deposit account control agreement with respect to the 4352 Account. However, Texas law states that a thief does not obtain title to stolen funds.  Therefore, the funds which resided in the 4352 Account were FSCLE's and not the Debtor's.

44.     Paragraph 44 is admitted in part and denied in part. FSCLE admits it was not a signatory on the 4352 Account but denies that FSCLE had no interest or rights in the funds of the 4352 Account and denies all other allegations of this paragraph.

45.     Paragraph 45 is admitted in part and denied in part. FSCLE admits the 4352 Account was not an express trust account but denies that FSCLE had no interest or rights in the funds of the 4352 Account and denies all other allegations of this paragraph.

46.     Denied.

47.     Paragraph 749 of the District Court Lawsuit speaks for itself, and FSCLE denies all inferences imputed by the Trustee in Paragraph 47.  As set forth in FSCLE's opposition to the Trustee's Motion for a Preliminary Injunction, when one party to a contract ceases to intend to perform and thereafter induces performance by the other party, that inducement may constitute theft and fraud.  Thus, what the relationship was prior to November 3, 2021 and after November 3, 2021 are two very different things.

## **RESPONSES TO CAUSES OF ACTION**

## **RESPONSES TO COUNT 1**

48.     FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

49.     Denied.

50.     Paragraph 50 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

51.     Paragraph 51 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

52.     Paragraph 52 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

53.     Admitted.

54.     Denied.

55.     FSCLE admits Paragraph 55 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO COUNT 2

56.     FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

57.     Denied.

58.     Paragraph 58 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

59.     Paragraph 59 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

60.     Paragraph 60 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

61.     Paragraph 61 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

62.     Admitted.

63.     Denied.

64.     Paragraph 64 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

65.     FSCLE admits Paragraph 65 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO COUNT 3

66.     FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

67.     Denied.

68.     Paragraph 68 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

69.     Paragraph 69 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

70.     FSCLE admits Paragraph 70 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO COUNT 4

71.     FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

72.     Denied.

73.     Paragraph 73 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Paragraph 77 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

78.     FSCLE admits Paragraph 78 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO COUNT 5

79.     FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

80.     Paragraph 80 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

81.     Denied. The Proof of Claim speaks for itself.

82.     Admitted. FSCLE further states that the admission contained herein is based on "priority of payment" having the meaning ascribed to it in 11 U.S.C. § 507(a) and that any other meaning is hereby denied.

83.     FSCLE admits Paragraph 83 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO COUNT 6

84.     FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

85.     FSCLE admits that it is aware that an automatic stay arose by effect of law in the bankruptcy case but denies that the District Court Lawsuit is stayed.

86.     FSCLE admits it intended to and did file the District Court Lawsuit and denies all other interferences as to "intentionality."

87.     Admitted.

88.     Denied.

89.     Admitted in part and denied in part. FSCLE admits it is aware of the adversary proceedings commenced in this bankruptcy case but denies any knowledge of the Trustee's "planned lawsuits" and all other allegations of this paragraph.

90.     FSCLE admits Paragraph 90 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO COUNT 7

91.    FSCLE incorporates its responses to the Trustee's allegations, as incorporated.

92.    Paragraph 92 contains legal argument for which no answer is required. To the extent an answer is required, this paragraph is denied.

93.    FSCLE admits Paragraph 93 states the relief requested by the Trustee but denies he is entitled to such relief. FSCLE denies any factual allegations contained in this request for relief.

## RESPONSES TO PRAYER

FSCLE denies the Trustee is entitled to the relief requested in his prayer and asks the Court to dismiss the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE – *IN PARI DELICTO*

The Debtor is a joint tortfeasor with the named defendants in the District Court Lawsuit; therefore, the Trustee, who stands in the shoes of the Debtor, is barred by the doctrine of *in pari delicto* from asserting tort and RICO claims against the joint tortfeasors.

## SECOND AFFIRMATIVE DEFENSE – WAIVER AND ESTOPPEL

The Trustee stated affirmatively in Paragraph 26: "The Trustee did not seek to impede FedEx from asserting *in personam* claims against the individuals and entities involved." FSCLE further states that it informed the Trustee of its intent to bring the District Court Lawsuit and the Trustee expressly stated to FSCLE that he did not object to FSCLE asserting its own claims against the named defendants in the District Court Lawsuit. Thereby, the Trustee is estopped from bringing claims against FSCLE after FSCLE relied on his affirmative representations. Any claims the Trustee might otherwise have against FSCLE were waived.

## THIRD AFFIRMATIVE DEFENSE – LAW OF THE CASE

This Court already determined that property of the non-debtor, AMRR, is not property of the estate in this bankruptcy case when it held that section 363 did not apply to the relief sought by the Trustee related to the settlement with AMRR regarding the sale of business to Alliance Global Solutions, LLC. Therein, the Court determined the Trustee was settling "a claim" against AMRR pursuant to Bankruptcy Rule 9019 – not selling, leasing, or using property of the estate. September 11, 2023 Tr. at 16:20-17:15. [ECF #477 in the main bankruptcy case]. It is law of the case that AMRR is a non-debtor, its property is not property of the estate, and that the estate's property interest as to AMRR is a claim against AMRR. The Trustee is barred by the law of the case from asserting that AMRR's property is property of the estate protected by the automatic stay.

## FOURTH AFFIRMATIVE DEFENSE – RES JUDICATA

The Trustee did not appeal the Court's finding that that property of the non-debtor, AMRR, is not property of the estate in this bankruptcy case when it held that the Trustee was settling "a claim" against AMRR pursuant to Bankruptcy Rule 9019 – not selling, leasing, or using property of the estate. September 11, 2023 Tr. at 16:20-17:15. [ECF #477 in the main bankruptcy case]. This Court's order is final and binding under the doctrine of *res judicata*. The Trustee is barred by *res judicata* from asserting that AMRR's property is property of the estate protected by the automatic stay.

## FIFTH AFFIRMATIVE DEFENSE – LACK OF RIPENESS

FSCLE has not yet asserted a claim in an adversary proceeding in this bankruptcy to establish property rights in any funds recovered by the Trustee.  Thus, there is no case or controversy on which any declaratory relief may be granted and the request for declaratory relief must be denied.

## SIXTH AFFIRMATIVE DEFENSE –
## LACK OF JURISDICTION TO GRANT A PERMANENT INJUNCTION

The Trustee's Complaint seeks the imposition of a permanent injunction against FSCLE asserting the claims brought in the District Court Lawsuit.  FSCLE denies that there are grounds or jurisdiction to grant a preliminary injunction, let alone a permanent injunction.  However, if the Court determines that it will issue an injunction, it only has the authority to do so during the pendency of the bankruptcy case and not thereafter.  See *In re Zale Corp.*, 62 F.3d 746, 760 (5th Cir. 1995).  The Court has no authority or jurisdiction to issue a permanent injunction against FSCLE under these circumstances.

FSCLE denies all those allegations of the Trustee's Complaint which have neither been admitted nor denied.

FSCLE denies that the Trustee is entitled to the specific relief requested or to any relief whatsoever.

## PRAYER FOR RELIEF

Having answered the Trustee's Complaint, FSCLE prays for the following relief:

1.     That the Court dismiss the Complaint for the reasons set forth herein and as set forth in FSCLE's Motion to Dismiss, Memorandum in Support of its Motion to Dismiss and its Memorandum in Opposition to the Trustee's Motion for a Preliminary Injunction;

2.     The Court deny the Trustee the relief sough in this Complaint;

3.     The Court award FSCLE its costs and attorneys' fees to the extent permitted by law; and

4.     To grant FSCLE such other and further relief to which it may be entitled as a matter of law or equity.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ Danny Van Horn*
Danny Van Horn (admitted *pro hac vice*)
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com
danny.vanhorn@butlersnow.com

and

Martin A. Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com
martin.sosland@butlersnow.com

*Attorneys for FedEx Supply Chain
Logistics & Electronics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same via the Court's CM/ECF electronic filing system upon all persons who have filed ECF appearances in this case and via email to Trustee's Counsel:

Michael J. Quilling, Esq.
(Texas Bar No. 16432300)
Joshua L. Shepherd, Esq.
(Texas Bar No. 24058104)
QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Ste. 1800
Dallas, TX 75201
(214) 871-2100
mquilling@qslwm.com
jshepherd@qslwm.com


Dated: January 10, 2024

*/s/ Adam M. Langley*

84986127.v3