Daniel W. Van Horn, *Admitted Pro Hac*
Adam M. Langley, *Admitted Pro Hac*
R. Campbell Hillyer, *Admitted Pro Hac*
Butler Snow LLP
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200

Martin A. Sosland, TX Bar No. 18855645
Candice Carson, TX Bar No. 24074006
Butler Snow LLP
2911 Turtle Creek Blvd., Ste. 1400
Dallas, TX 75219
(469) 680-5502

Attorneys for FedEx Supply Chain Logistics & Electronics, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GOODMAN NETWORKS, INC., | ) | Case No. 23-31641-mvl-7 |
| | ) | |
| Debtor. | ) | (Chapter 7) |
| | ) | |
| | | |
| SCOTT M. SEIDEL, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 23-03091 |
| v. | ) | |
| | ) | |
| FEDEX SUPPLY CHAIN LOGISTICS | ) | |
| & ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC.'S
## MOTION TO DISMISS THE TRUSTEE'S ORIGINAL COMPLAINT

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Comes now FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE" or "FedEx") and files this Motion to Dismiss ("Motion") the Trustee's Original Complaint [ECF No. 1] (the "Trustee Complaint") in this adversary proceeding, being Adv. Proc. No. 23-03091, pursuant to Bankruptcy Rule 7012 and Civil Rule 12(b)(1) and (6). FSCLE files its Brief in Support of this Motion contemporaneously herewith. FSCLE respectfully states as follows:

## SUMMARY OF MOTION

1.      Scott M. Seidel (the "Trustee") commenced this adversary proceeding by filing the Trustee's Original Complaint [ECF No. 1]. The Trustee Complaint asserts two classes of claims: (1) five requests for preemptive declarations that FSCLE cannot affirmatively seek property determinations or remedies for constructive, express, and resulting trusts in the future (Counts 1-5, the "Declaratory Counts") and (2) two requests seeking to collaterally attack and stay FSCLE's District Court Lawsuit (Counts 6-7, the "Stay Counts"). The Trustee Complaint should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Bankruptcy Rule 7012, incorporating Civil Rule 12(b)(1) and (6). FED. R. BANKR. P. 7012 and FED. R. CIV. P. 12.  The Trustee has no cause of action against FSCLE, and FSCLE's claims in the District Court Lawsuit are not property of the estate. Absent a substantive cause of action against FSCLE, the Court cannot provide the Trustee with the procedural remedies of declaratory and injunctive relief.

2.      The Declaratory Counts do not present an actual case and controversy because the Trustee mischaracterizes a reservation of rights in FSCLE's Proof of Claim as a request for affirmative relief. FSCLE's Proof of Claim speaks for itself, and FSCLE acknowledges that any request for affirmative relief in the form of property determinations or imposition of equitable

1

remedies like constructive and resulting trusts must be plead in an adversary proceeding. Until FSCLE files a complaint seeking property determinations or equitable remedies, there is no actual case or controversary because any relief FSCLE might seek is hypothetical, conjectural, and based on facts that must still be developed (e.g., will the Trustee recover stolen property). The Trustee is not entitled to a preemptive declaration that FSCLE can never assert property rights or equitable remedies in property possessed or recovered by the Trustee. The Trustee is in the process of recovering property for the estate, but to date little property is in the possession of the Trustee. FSCLE understands based on representations from the Trustee that the estate primarily possesses litigation claims – not stolen property or any tangible property for that matter. Indeed, the 4352 Account and the Debtor's operating account, the 1838 Account, held no funds as of the Petition Date. And, the Debtor appears to have transferred its material business assets and funds to third parties prior to the Petition Date. The Trustee has not provided an accounting of any property he possesses. Until the Trustee has recovered property and FSCLE asserts a property interest or equitable remedy to that property, there is no case or controversy for this Court to decide. Pursuant to Civil Rule 12(b)(1) and (6), the Declaratory Counts should be dismissed without prejudice to being reasserted should the Trustee recover tangible property that FSCLE asserts is its stolen property of the proceeds thereof.

3.      The Stay Counts fail as a matter of law. FSCLE filed the District Court Lawsuit to recover direct damages against non-debtor tortfeasors. Its claims are its personal property. FSCLE's direct claims are not derivative claims of the bankruptcy estate and, therefore, are not property of the estate. Since its claims are not property of the estate, the automatic stay does not apply and this Court lacks subject-matter jurisdiction and constitutional authority to enjoin the

District Court Lawsuit. The Stay Counts are an improper collateral attack on FSCLE and the District Court Lawsuit, and they should be dismissed with prejudice.

## JURISDICTIONAL STATEMENT

4.      This Court has subject-matter jurisdiction over this bankruptcy case and its "arising under," "arising in" and "related to" proceedings and to hear and determine questions regarding property of the estate, including making declarations regarding such property. 28 U.S.C. § 1334(b) and (e). As discussed in detail below and in the Brief filed contemporaneously herewith, FSCLE contests that there is subject-matter jurisdiction over the Trustee Complaint under section 1334(b) or (e) and that there is constitutional or statutory authority for a final adjudication on the Trustee Complaint because the matter is non-core. *See* 28 U.S.C. § 157(c)(1). FSCLE does not consent to a final adjudication of the Trustee Complaint.

## MOTION TO DISMISS STANDARD

5.      Bankruptcy Rule 7012 incorporated Civil Rule 12(b)(1) and (6) into this adversary proceeding. FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(1) and (6). This Court must dismiss a complaint where there is a "lack of subject-matter jurisdiction" or a "failure to state a claim upon which relief can be granted." *Id*. This Court recently stated the applicable standards for motions to dismiss under Rule 12(b)(1) and (6), which are restated here:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, as it is here, a court should consider the jurisdictional attack prior to turning to the merits. In considering a Rule 12(b)(1) motion, the court is empowered to consider matters of fact which may be in dispute. Ultimately, the motion should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his or her claim that would entitle the plaintiff to relief.

> In evaluating a Rule 12(b)(6) motion to dismiss, the Court "must accept all well-pleaded facts as true, and ... view them in the light most favorable to the plaintiff. However, the Court need not "strain to find inferences favorable to the plaintiffs." To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which, if accepted as true, state a plausible cause of action. This plausibility requirement sits somewhere between possible and

3

probable, and is satisfied where the plaintiff's pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*In re City Wide Cmty. Dev. Corp.*, 2023 WL 6542909, at *3 (Bankr. N.D. Tex. Oct. 6, 2023).

## STATEMENTS OF FACT

6.      In support of its Rule 12(b)(1) request for dismissal, FSCLE makes the following statements of fact and refers the Court the FSCLE Complaint in the District Court Lawsuit for additional factual statements.

**A.      The Fraudulent and Racketeering Scheme**

7.      Goodman Networks and FSCLE were counterparties to a Master Services Agreement, and from at least December 2020 into November 2021, the parties operated in a commercial manner under the Master Services Agreement and singular bank account at Prosperity Bank (the "4352 Account") was used to facilitate the transactions between March 2021 and November 2021. FSCLE Complaint, ¶¶ 59-63, 78-79, 87, 91, 112-118.

8.      In internal communications, Goodman Networks described the commercial relationship with FSCLE as follows:

> GNET ATC, LLC has **automated** purchase order and invoice transactions in D365 (previously was automated in Great Plains) that account for the purchase of mobile device accessories from FedEx and sale back to FedEx at .2% margin. In other words, the sales price is .2% higher than the purchase price. . . . Around the 15th of the following month, FedEx will confirm final pallet moves for the prior month and GNET ATC will invoice actual revenue in D365 which will be offset by the revenue reversing accrual from the previous month end.

Exhibit 1 (emphasis added).[1]  Thus, each time Goodman Networks invoiced FSCLE there was to be a related payment back to FSCLE of all that FSCLE paid Goodman Networks less 0.2% and

---

[1] Goodman Networks internally referred to GNET ATC, LLC as having the automated system. But, in form and substance, Goodman Networks was the counterparty to FSCLE and the owner of the automated system. All invoicing, accounts, and transactions occurred between Goodman Networks and FSCLE – not with GNET ATC.

less payment for actual pallet moves. The representation in each invoice was that the reversing transaction would also happen.

9.     In October 2021, AT&T and its related companies terminated its business with Debtor. FSCLE Compl., ¶ 84. Soon thereafter, all officers and directors at the Debtor resigned, except for James Goodman. *Id*. at ¶ 96. And, Jim Frinzi was appointed as the Debtor's CEO. *Id*. at ¶ 98.

10.     By November 2, 2021, the Debtor stopped paying FSCLE and FSCLE sent an email inquiring as to why the Debtor had not made the regular payment as part of the automated processes. *Id*. at ¶ 112. That FSCLE email was forwarded to Frinzi, who then directed persons at the Debtor to "suspend all other payments to FedEx" but to hide this from FSCLE. *Id*. at ¶¶ 113-129.

11.     Frinzi, James Goodman, and others formulated a scheme to defraud FSCLE, embezzle FSCLE's funds from its bank accounts using the automated system, and funnel FSCLE's funds to themselves and their affiliates and co-conspirators for their own personal benefit. *See* FSCLE Complaint, *generally.* The scheme involved Frinzi and his affiliates (the Frinzi Family Trust and Multiband Global Resources LLC, among others) and co-conspirators (A) purchasing a public shell corporation (American Metals Recovery and Recycling, Inc. a.k.a. "AMRR") or utilizing other shell companies (e.g., 18920 NW 11th, LLC ("18920 NW") and Alliance Texas Holdings, LLC), (B) fraudulently inducing FSCLE to maintain the automated system that facilitated transactions between Goodman Networks and FSCLE under the guise that Goodman Networks needed to migrate its side of the automated system from a Microsoft Dynamics 365 environment to a new platform, (C) embezzling cash from FSCLE through the automated system,

and (D) laundering the stolen cash through AMRR and other shell entities for the benefit of Frinzi, James Goodman, Shalom Auerbach, and others. *Id*.

12.     As the Trustee acknowledges in Paragraph 50 of his brief in support of his preliminary injunction motion [ECF No. 5], FSCLE can trace money from its bank accounts to AMRR, 18920 NW, and Hudson because the automated system established to facilitated transactions between Goodman Networks and FSCLE utilized a singular account, the 4352 Account, to transact with FSCLE. *See* Exhibit 2, collective statements of the 4352 Account.

13.     On October 20, 2021, the 4352 Account held no funds ($0). Exhibit 2.

14.     From October 20, 2021, to January 10, 2022, the 4352 Account would balloon from $0 to $58,326,416.16 as the theft, fraud and racketeering occurred. Exhibit 2.

15.     The 4352 Account ballooned instead of immediately being laundered because Frinzi ran into a problem. He was the only officer at Goodman Networks, but he did not have authority to access the funds in the 4352 Account at Prosperity Bank. Moreover, Goodman Networks could not authorize him to have access to the 4352 Account because its Board of Directors had ceased to function due to resignations by Jody Goodman and Jason Goodman, leaving only James Goodman on a Board that required three members to act. Upon Frinzi learning about his lack of authority until Friday, January 7, 2022, (when Prosperity Bank gave Frinzi authority to transact on the 4352 Account), Frinzi, James Goodman, and Bater Bates on behalf of Prosperity Bank would knowingly create, send, receive, and accept falsified corporate documents of Goodman Networks to facilitate Frinzi getting access to the 4352 Account. FSCLE Complaint, ¶¶ 215-239.

16.     Starting in January 2022, Frinzi, James Goodman, and their co-conspirators would take the stolen FSCLE funds located in the 4352 Account and launder them out of the 4352

Account through shell companies and fraudulent racketeering schemes for their personal benefit. *Id*. at ¶¶ 240-410.

17.     In total, FSCLE has in excess of $80 million stolen by Frinzi, James Goodman and their affiliates and co-conspirators and then laundered for their personal benefit. Prior to this theft, all of that cash resided in FSCLE bank accounts.

**B.     THE INVOLUNTARY BANKRUPTCY**

18.     In September 2022, FSCLE commenced mediation with Goodman Networks and Genesis, which was mandated by the Master Services Agreement. [POC No. 32-1, Part 2, ¶¶ 49-50]. At that mediation, FSCLE was advised that an involuntary bankruptcy had been commenced against Goodman Networks on September 6, 2022. *Id*. FSCLE had no knowledge of the involuntary bankruptcy prior to mediation. *Id*.

19.     On October 17, 2022, FSCLE filed a joinder to the involuntary bankruptcy petition, which was later joined by ARRIS and other unsecured creditors. [ECF No. 29 in the Bankruptcy Case].

20.     On December 12, 2022, the Court entered an order for relief based on the joinders, and soon thereafter the Trustee was appointed. [ECF No. 132 in the Bankruptcy Case].

21.     On April 7, 2023, FSCLE filed its proof of claim and alleged claims for breach of contract, breach of implied duty of good faith and fair dealing, negligent misrepresentation, fraudulent inducement, fraudulent nondisclosure, actual fraud, constructive fraud, theft, conversion, conspiracy, unjust enrichment, and tortious interference with business relations, among other or substantially similar claims. [POC No. 32-1].

22.     At the time of the filing of the proof of claim, the bankruptcy estate appeared to have no material, tangible assets in its possession that were derived from the direct fraud and embezzlement on FSCLE other than potential litigation claims. The 4352 Account had $0. [Exhibit

2; ECF No. 184, in the Bankruptcy case, Item 3.8]. The Debtor's operating account, the 1838

Account, had $0. [ECF No. 184 in the Bankruptcy Case, Item 3.5]. Had there been tangible assets

in the possession of the bankruptcy estate derived from the fraud and embezzlement on FSCLE,

FSCLE would have brought an adversary proceeding to assert a property interest in the stolen

property or constructive trust on the proceeds of the theft. Instead, FSCLE filed a "Reservation of

Rights" in its Proof of Claim, which stated: ". . . FSCLE specifically reserves the right to assert

that the monies unlawfully appropriated from it by Goodman Networks and its related parties and

co-conspirators and any traceable proceeds thereof are not property of the estate, property of

Goodman Networks, or property of the related parties and co-conspirators. Moreover, FSLCE

reserves the right to seek remedies at law and equity to have the monies unlawfully appropriated

from it and any traceable proceeds to be determined as subject to an express, equitable,

constructive, resulting, or other trust." [POC No. 32-1, Part 2, ¶ 54]. Thus, contrary to the Trustee's

papers, FSCLE has not asserted a constructive trust against any property of the estate but only

reserved the right to do so. *Id*.

23.     In June 2023, FSCLE and the Trustee met in person. The Trustee and his counsel

made it clear that they did not have any issue with FSCLE pursuing its own direct and personal

claims against non-debtors. FSCLE expressly stated to the Trustee that it would be pursing

"independent tort, fraud and conspiracy claims." The Trustee's statement then was "go for it."

24.     The Trustee made similar representations to FSCLE throughout this case.

25.     Indeed, the Trustee's statements have not changed today: ". . . the Trustee did not

seek to impede FedEx from asserting *in personam* claims against the individuals and entities

involved." Trustee Complaint, ¶ 26.

## C.    THE FSCLE COMPLAINT

26.    After a year of extensive discovery, tracing exercises, and other investigations, FSCLE had obtained substantial information and evidence to support it bringing direct and personal claims against non-debtors. The Trustee and his counsel had already blessed FSCLE bringing direct and independent claims saying "go for it" at the June 2023 meeting and at other times.

27.    On October 27, 2023, FSCLE filed a complaint against James Goodman, Frinzi, and Shalom Auerbach along with their co-conspirators, affiliates, and related entities, including John Goodman, Jonathan Goodman, Jake Goodman, Jody Goodman, Neil Auerbach, Steven Zakharyev, Evalina Pinkhasova, Genesis Networks Telcom Services, LLC, GNET ATC, LLC, Greater Tech Holdings, Inc., Goodman Investment Holdings, LLC, Unified Field Services, Inc., AMRR, HSB Holdings, LLC, AMR Resources, LLC, Hudson, 18920 NW, Prosperity Bank, the Frinzi Family Trust, Alliance Texas Holdings, LP, and OnePath Systems, LLC (the "FSCLE Complaint" naming the "Defendants"). FSCLE Complaint, *generally*.

28.    The primary claim and bulk of the FSCLE Complaint concerns a federal RICO claim related to an enterprise involving the Defendants that stole cash from FSCLE and laundered those monies through numerous transactions and entities including, AMRR, Hudson, and 18920 NW (as discussed above) (the "RICO Claim"). FSCLE Complaint, ¶¶ 1-692; *see also* ¶ 462-463 (defining the enterprise). But for this enterprise, FSCLE would have the stolen funds in its bank accounts. Thus, FSCLE was directly injured by the predicate acts and racketeering activity in violation of 18 U.S.C. § 1962 as alleged in the FSCLE Complaint. *Id*. at ¶¶ 476-689.

29.    Under the RICO claim, FSCLE alleges personal damages in an amount that exceeds $80,000,000 and seeks to have its damages trebled, as well as an award of attorney fees and costs, pursuant to 18 U.S.C. § 1964(c). *Id*. at ¶¶ 690-692. FSCLE seeks joint and several liability against

each Defendant. The Trustee asserts the RICO Claim is property of the estate and, therefore, is subject to the automatic stay. Trustee Complaint at ¶ 88.

30.     Second, FSCLE asserts a claim for Theft (Embezzlement) under the Texas Theft Liability Act against Frinzi and James Goodman (the "Texas Theft Claim"). FSCLE Complaint at ¶¶ 693-711. As discussed above, Frinzi and James Goodman fraudulently induced FSCLE to maintain its business with Goodman Networks and its 4352 Account while knowingly intending to embezzle the funds that were transferred into the 4352 Account for their own personal benefit. Under the Texas Theft Claim, FSCLE alleges "direct and proximate" damages in excess of $80 million resulting from Frinzi and James Goodman's theft in addition to seeking a statutory award of attorney fees and the imposition of joint and several liability. *Id.* at ¶¶ 710-711. The Trustee asserts the Texas Theft Claim is property of the estate and, therefore, is subject to the automatic stay. Trustee Complaint at ¶ 88.

31.     When one party to a contract determines that it will no longer perform and induces further action on the part of the other party to the transaction, that behavior constitutes theft and fraud. See *Taylor v. State*, 450 S.W.3d 528, 536 (Tex. Crim. App. 2014); *AAB Logistics, Inc. v. Forward Air, Inc.*, 2016 WL 8672773, *4 (N.D. Tex. Nov. 18, 2016); and *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986). As set forth in the District Court Lawsuit, Frinzi and others decided to stop all payments to FSCLE as of November 3, 2021 but continued to send invoices to FSCLE thereafter knowing there would never be a reversing transaction. FSCLE Complaint at ¶¶ 116, 117, 125, 126, 130, 133, 136, 139, 152-203. Thus, there are certain claims that did not exist until November 3, 2021 that did thereafter. What may have been a breach of contract prior to November 3, 2021 became theft and fraud thereafter.

32.     Third, FSCLE asserts a common law claim for theft, embezzlement and conversion against all Defendants (the "Common Law Theft Claim"). *Id*. at ¶¶ 712-727. As discussed above, all Defendants knew that they were receiving stolen/embezzled funds from FSCLE or aided and abetted Frinzi and James Goodman to assist with the theft, embezzling and laundering of the stolen/embezzled funds. *Id*. at ¶¶ 715-723. Under the Common Law Theft Claim, FSCLE alleges direct damages in excess of $80 million and seeks the imposition of joint and several liability. *Id*. at ¶¶ 726-727. The Trustee asserts the Common Law Theft Claim is property of the estate and, therefore, is subject to the automatic stay. Trustee Complaint at ¶ 88.

33.     Fourth, FSCLE asserts an unjust enrichment claim against all Defendants and seeks damages in excess of $80,000,000 and the imposition of joint and several liability (the "Unjust Enrichment Claim"). FSCLE Complaint at ¶¶ 728-736. The Trustee asserts the Unjust Enrichment Claim is property of the estate and, therefore, is subject to the automatic stay. Trustee Complaint at ¶ 88.

34.     Fifth, FSCLE asserts a common law constructive trust against any stolen/embezzled funds from FSCLE (the "Constructive Trust Remedy"), FSCLE Complaint at ¶¶ 740-755, which is derivative of the Common Law Theft Claim, the Unjust Enrichment Claim and the Actual Fraud Claim, as defined below. FSCLE admits the Constructive Trust Remedy is unartfully drafted and may be the cause of confusion related to the Trustee's Complaint. While plead as a separate claim, constructive trust is a remedy under Texas Law – not a claim. The Trustee asserts the Constructive Trust Remedy seeks to control property of the estate and, therefore, is subject to the automatic stay. Trustee Complaint at ¶ 88.

35.     Sixth, FSCLE asserts an actual fraud claim against Frinzi, James Goodman, Genesis-ATC and GNET ATC (the "Actual Fraud Claim"). FSCLE Complaint at ¶¶ 756-786.

FSCLE seeks direct and proximate damages in excess of $80 million, the imposition of punitive damages, and the imposition of joint and several liability. *Id*. at ¶¶ 784-786. The Trustee admits the Actual Fraud Claim is personal to FSCLE and not subject to the automatic stay. Trustee Complaint at ¶ 88.

36.     Seventh, FSCLE asserts a tortious interference claim against Frinzi, James Goodman, Prosperity Bank, Genesis-ATC and GNET ATC (the "Tortious Interference Claim"). FSCLE Complaint at ¶¶ 787-817. FSCLE seeks compensatory damages in excess of $80 million and the imposition of punitive damages. *Id*. at ¶¶ 816-817. The Trustee admits Tortious Interference Claim is personal to FSCLE and not subject to the automatic stay. Trustee Complaint at ¶ 88.

37.     Eighth, FSCLE asserts a civil conspiracy claim against all Defendants (the "Civil Conspiracy Claim"). FSCLE Complaint at ¶¶ 818-825. The Civil Conspiracy Claim is derivative of the Texas Theft Claim, the Common Law Theft Claim, the Unjust Enrichment Claim, the Actual Fraud Claim, and the Tortious Interference Claim because it alleges a conspiracy to participate in the activities that give rise to those claims. FSCLE seeks direct and proximate compensatory damages in excess of $80 million and the imposition of punitive damages. *Id*. at ¶¶ 823-825. The Trustee asserts the Civil Conspiracy Claim is property of the estate and, therefore, is subject to the automatic stay. Trustee Complaint at ¶ 88.

**D.     THE TRUSTEE COMPLAINT AGAINST FSCLE**

38.     On November 15, 2023, without advance notice to FSCLE or attempting to confer on any concerns he had about the FSCLE Complaint, the Trustee filed a complaint against FSCLE alleging seven causes of action. Trustee Complaint, *generally*.

39.     First, the Trustee seeks a declaration that FSCLE "held no constructive trust against or to the 4352 Account, the funds therein, and the Transfers and Proceeds of such funds, as of the

Petition Date under Texas Law, and that the Debtor at no time held the 4352 Account of the funds

therein in constructive trust for the benefit of FedEx." *Id.* at ¶ 55.

40.     Second, the Trustee seeks the same declaration except subject to the Bankruptcy

Code instead of under Texas Law. *Id.* at ¶ 65.

41.     Third, the Trustee seeks a declaration that the Debtor and FSCLE "at no time had

an express trust, and that the Debtor at no time held by (sic) property or funds in express trust for

the benefit of [FSCLE], including against or to the 4352 Account, the funds therein, and the

Transfers and Proceeds of such funds." *Id.* at ¶ 70.

42.     Fourth, the Trustee seeks a declaration that FSCLE "did not own the 4352 Account

or the funds therein, and that any transfer of those funds by the Debtor or its agents was not

conversion, theft, or any similar cause of action, and that [FSCLE] has no right to a constructive

trust against the 4352 Account, the funds therein, or the Transfers and Proceeds, such that no

property of the Estate, including the Transfers and Proceeds, is held in resulting trust for the benefit

of [FSCLE]." *Id.* at ¶ 78.

43.     Fifth, the Trustee seeks a limited objection to FSCLE's claim "to the extent it

asserts anything other than a general unsecured claim." *Id.* at ¶ 83. The Trustee does not dispute

the amount of FSCLE's claim, which is $81,158,452.82, exclusive of any interest, costs, attorney

fees, or punitive, special, exemplary, or other damages that FSCLE is entitled to as a matter of law

or equity. [POC No. 32-1, Part 2, ¶ 3. The Trustee incorrectly states that FSCLE "asserts 'an

express, equitable, constructive, resulting, or other trust.'" As stated above, FSCLE reserved the

right to assert those equitable remedies should they ripen and become meaningful, but to date,

FSCLE has not elected to file an adversary proceeding seeking the imposition of any equitable

remedies.

44.     Sixth, the Trustee seeks damages for violation of the automatic stay, specifically subsections 362(a)(1) and (3). Trustee Complaint at ¶¶ 84-90.  He alleges claims 1, 2, 3, 4, 5, and 8 of the FSCLE Complaint are property of the estate and/or derivative actions of the estate. *Id.* at ¶ 88.

45.     After filing his Complaint against FSCLE, the Trustee files a motion for a preliminary injunction and brief in support. [ECF Nos. 4 and 5].

## REQUESTS FOR DISMISSAL

46.     FSCLE requests the Trustee Complaint be dismissed in its entirety for the following reasons.

### A.     Count 1: Declaratory Judgment of No Constructive Trust Under Texas Law

47.     Count 1 should be dismissed for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted." FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(1) and (6).

48.     Count 1 is not justiciable. There is not a ripe case or controversy because FSCLE has not sought affirmative relief of a constructive trust under Texas law and the Trustee does not state an underlying cause of action that would entitle him to the procedural remedy of declaratory judgment. Contrary to the Trustee's allegations, nothing in the Proof of Claim seeks a determination or declaration of a constructive trust under Texas Law because reservations of rights are not affirmative requests for relief. Count 1 seeks the declaration of a negative in the abstract and should be dismissed as not justiciable.

49.     Count 1 fails to state a claim upon which relief can be granted. The Trustee fails to plead a specific res that is in dispute as to a constructive trust under Texas law because the Trustee possesses no funds in the 4352 Account for which he seeks a declaration.

14

50.     This Court should exercise its discretion to dismiss Count 1 because it is an improper use of the Declaratory Judgment Act aimed at collaterally attacking FSCLE and the District Court Lawsuit.

**B.      Count 2: Declaratory Judgment of No Constructive Trust Under the Bankruptcy Code**

51.     Count 2 should be dismissed for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted." FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(1) and (6).

52.     Count 2 is not justiciable. There is not a ripe case or controversy because FSCLE has not sought affirmative relief of a constructive trust under the Bankruptcy Code and the Trustee does not state an underlying cause of action that would entitle him to the procedural remedy of declaratory judgment. Contrary to the Trustee's allegations, nothing in the Proof of Claim seeks a determination or declaration of a constructive trust under the Bankruptcy Code because reservations of rights are not affirmative requests for relief. Count 2 seeks the declaration of a negative in the abstract and should be dismissed as not justiciable.

53.     Count 2 fails to state a claim upon which relief can be granted. The Trustee fails to plead a specific res that is in dispute as to a constructive trust under the Bankruptcy Code because the Trustee possesses no funds in the 4352 Account for which he seeks a declaration.

54.     This Court should exercise its discretion to dismiss Count 2 because it is an improper use of the Declaratory Judgment Act aimed at collaterally attacking FSCLE and the District Court Lawsuit.

**C.      Count 3: Declaratory Judgment of No Express Trust.**

55.     FSCLE reserved the right to assert an express trust in its Proof of Claim. Like the other Declaratory Counts, Count 3 is not ripe because an express trust has not been asserted by

FSCLE. That said, FSCLE will waive any right to assert an express trust over any property of the estate in this bankruptcy case. This waiver moots Count 3 to the extent it was even ripe.

**D.    Count 4: Declaratory Judgment of No Theft or Resulting Trust.**

56.    Count 4 should be dismissed for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted." FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(1) and (6).

57.    Count 4 is not justiciable. There is not a ripe case or controversy because FSCLE has not sought affirmative relief of a resulting trust and the Trustee does not state an underlying cause of action that would entitle him to the procedural remedy of declaratory judgment. Contrary to the Trustee's allegations, nothing in the Proof of Claim seeks a determination or declaration of a resulting trust because reservations of rights are not affirmative requests for relief. Count 4 seeks the declaration of a negative in the abstract and should be dismissed as not justiciable.

58.    Count 4 fails to state a claim upon which relief can be granted. The Trustee fails to plead a specific res that is in dispute as to a resulting trust under the Bankruptcy Code because the Trustee possesses no funds in the 4352 Account for which he seeks a declaration.

59.    This Court should exercise its discretion to dismiss Count 4 because it is an improper use of the Declaratory Judgment Act aimed at collaterally attacking FSCLE and the District Court Lawsuit.

**E.    Count 5: Objection to FedEx Claim.**

60.    Count 5 should be dismissed for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted." FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(1) and (6).

61.    Count 5 is not justiciable. There is not a ripe case or controversy because FSCLE has not sought affirmative relief in its Proof of Claim other than as an unsecured creditor. Contrary

to the Trustee's allegations, nothing in the Proof of Claim seeks a determination or declaration of property rights or equitable remedies because reservations of rights are not affirmative requests for relief. Count 5 seeks the declaration of a negative in the abstract and should be dismissed as not justiciable.

62.     Count 5 fails to state a claim upon which relief can be granted. The Trustee fails to plead an actual objection to the Proof of Claim. Indeed, the Proof of Claim is undisputed in amount and should be allowed.

**F.      Count 6: Damages for Violation of the Automatic Stay.**

63.     Count 6 should be dismissed for "failure to state a claim upon which relief can be granted." FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6).

64.     Claim Nos. 1, 2, 3, 4, 5, and 8 in the District Court Lawsuit are property of FSCLE and are not property of the estate as a matter of law. FSCLE has asserted personal, tort claims for direct damages against non-debtors. *See* FSCLE Complaint. Its claims are not derivative claims of the bankruptcy estate. The Trustee fails to plead a violation of the automatic stay under 11 U.S.C. § 362(a)(1) and (3). Count 6 should be dismissed because there is no stay violation as a matter of law.

65.     In addition, the Trustee is not entitled to relief under 11 U.S.C. § 362(k) because the debtor is not an individual. As a matter of law, the Trustee has no cognizable harm or injury that entitles him to damages. Count 6 should be dismissed.

**G.      Count 7: Permanent Injunction.**

66.     Count 7 should be dismissed for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted." FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(1) and (6).

67.     FSCLE's tort claims for direct damages against other non-debtors are not within the subject-matter jurisdiction of bankruptcy courts under 28 U.S.C. § 1334(b) and (3), and this Court lacks subject-matter jurisdiction and constitutional and statutory authority to enjoin the District Court Lawsuit. This Circuit and the "large majority of cases reject the notion that bankruptcy courts have 'related to' jurisdiction over third party actions" grounded in tort. *Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995)); *Matter of Zale Corp.*, 62 F.3d 746, 753-57 (5th Cir. 1995) (holding "the bankruptcy court has no jurisdiction over [non-debtor's] tort actions against a [non-debtor]."); *In re Bass*, 171 F.3d 1016, 1023 (5th Cir. 1999) (holding no "related to" jurisdiction where "proceeds from a lawsuit" would not "be turned over to the bankruptcy trustee"). Count 7 should be dismissed for lack of subject-matter jurisdiction.

68.     Count 7 fails to state a claim upon which injunctive relief can be granted. An injunction is a procedural remedy that must be supported by an underlying cause of action. The Trustee has neither plead an underlying cause of action nor any cognizable injury, let alone an irreparable injury. In addition, the Trustee cannot show equities favor the granting of an extraordinary remedy. FSCLE is the victim of fraud and theft and is entitled to seek direct damages against non-debtor tortfeasors without the Trustee, who stands in the shoes of the Debtor tortfeasor, interfering with the District Court Lawsuit. Count 7 should be dismissed for failure to state a claim.

69.     Count 7 must be dismissed for the further reason that a permanent injunction is not authorized by the bankruptcy code under these facts and circumstances.  See *In re Zale*, 62 F.3d at 760.

## **CONCLUSION**

70.     For the forgoing reasons and the supporting reasons stated in FSCLE's Brief filed contemporaneously herewith, the Trustee Complaint should be dismissed in its entirety. The

Declaratory Counts should be dismissed without prejudice. The Stay Counts should be dismissed with prejudice.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ Adam M. Langley*
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
Danny Van Horn (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com
danny.vanhorn@butlersnow.com

and

Martin A. Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com
martin.sosland@butlersnow.com

*Attorneys for FedEx Supply Chain*
*Logistics & Electronics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same via the Court's CM/ECF electronic filing system upon all persons who have filed ECF appearances in this case and via email to Trustee's Counsel:

Michael J. Quilling, Esq.
(Texas Bar No. 16432300)
Joshua L. Shepherd, Esq.
(Texas Bar No. 24058104)
QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Ste. 1800
Dallas, TX 75201
(214) 871-2100

mquilling@qslwm.com
jshepherd@qslwm.com

Dated: January 10, 2024

*/s/ Adam M. Langley*

84649988.v5